Ms. Paula Herzmark Executive Director Department of Local Affairs State of Colorado 1313 Sherman Street, 5th floor Denver, Colorado 80203
Dear Ms. Herzmark:
I am writing in response to your request for an attorney general's opinion on a question raised by the Colorado Association of County Clerks and Recorders. It is my understanding, from my conversations with Fernando J. Serafini, Denver county clerk and recorder, that they have raised the following question:
QUESTION PRESENTED AND CONCLUSION
Prior to registering a marriage, does a county clerk have a duty to determine that the marriage has been properly solemnized?
For the reasons discussed below, my answer is "no."
ANALYSIS
The clerk's duty in these circumstances is limited to a determination that the marriage certificate is regular on its face and has been completed properly.
In order to be valid, a marriage between a man and a woman must be licensed, solemnized and registered. C.R.S. 1973, 14-2-104. With respect to solemnizing a marriage, the statute provides:
 14-2-109(1) A marriage may be solemnized by a judge of a court of record, by a retired judge of a court of record, by a public official whose powers include solemnization of marriages, or in accordance with any mode of solemnization recognized by any religious denomination or Indian nation or tribe. Either the person solemnizing the marriage or, if no individual acting alone solemnized the marriage, a party to the marriage shall complete the marriage certificate form and forward it to the county clerk and recorder. Any person who fails to forward the marriage certificate to the county clerk and recorder as required by this section is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not less than twenty dollars nor more than fifty dollars.
 (2) If a party to a marriage is unable to be present at the solemnization, he may authorize in writing a third person to act as his proxy. If the person solemnizing the marriage is satisfied that the absent party is unable to be present and has consented to the marriage, he may solemnize the marriage by proxy. If he is not satisfied, the parties may petition the district court for an order permitting the marriage to be solemnized by proxy.
 (3) Upon receipt of the marriage certificate, the county clerk shall register the marriage.
C.R.S. 1973, 14-2-109, as amended.
Thus, before registering a marriage, the clerk must determine that the certificate has been completed by one of the authorized persons identified in the statute. If the person who completed the form represents therein that he is so authorized, the clerk has no duty to make any further inquiry; his only duty is to register the marriage. In other words, if the certificate is signed by "Mary Smith, District Court Judge," and is otherwise complete, it should be filed. The clerk has no duty to determine that "Mary Smith" actually is a judge.
The clerk's responsibilities under the registration section, C.R.S. 1973, 14-2-109, at issue here, differ from his responsibilities under C.R.S. 1973, 14-2-106 concerning marriage licenses. Under section 106, the clerk is required to determine several factors before issuing a marriage license. For example, the clerk must be satisfied that the parties meet the minimum age requirements and that the marriage is not one which is prohibited by law. See Attorney General's Opinion of April 24, 1975 to the Honorable Ruben Valdez. Under section 109, by contrast, the clerk is given no discretionary functions but is required only to register the marriage upon receipt of the marriage certificate.
SUMMARY
Accordingly, it is my conclusion that a county clerk has no duty to determine that a marriage has been properly solemnized.
Very truly yours,
 J.D. MacFARLANE Attorney General
MARRIAGE AND DIVORCE CLERKS
C.R.S. 1973, 14-2-104
C.R.S. 1973, 14-2-109
C.R.S. 1973, 14-2-106
AFFAIRS, LOCAL, DEPT. OF Local Government, Div. of
Prior to registering a marriage, a county clerk does not have a duty to determine that the marriage has been properly solemnized. His duty is limited to a determination that the marriage certificate is regular on its face and has been properly completed.